UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KATHY S. LOPEZ,

    Plaintiff,

v.                                               Case No: 5:21-cv-1-Oc-39PRL

KATHY LANE and MICHAEL
CARVAJAL,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Kathy S. Lopez, a federal prisoner, initiated this case by filing a "memorandum for a temporary restraining order and a preliminary injunction" (Doc. 1; Motion), with exhibits (Docs. 1-2, 1-3); a motion to seal (Doc. 2);[1] and a motion to appoint counsel (Doc. 3). Plaintiff has not filed a civil rights complaint form, but in her motion for injunctive relief, she cites Bivens[2]

---

[1] Before instructing the Clerk to docket Plaintiff's filings on the public docket, the Court reviewed the documents Plaintiff requested be filed under seal and found sealing is not warranted under the circumstances. See Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). See also M.D. Fla. R. 1.09(a) (eff. Feb. 1, 2021) ("Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification.").

[2] In Bivens, the Supreme Court recognized an implied right of action for damages against a federal agent who, acting under "color of his authority,"

and 28 U.S.C. § 1331 as the basis for the Court's jurisdiction, suggesting she intends to initiate a civil rights action.

Plaintiff asserts she "brings this action to remedy the intolerable inhumane and medically dangerous conditions at the Federal Correctional Complex, Coleman Camp in Coleman, Florida." See Motion at 1. She contends her conditions of confinement "create a substantial risk of harm from both Legionella and the [COVID]-19 virus exposure." Id. at 2. Plaintiff also complains the Coleman Camp has made limited use of the home confinement mandate and other safety protocols recommended to protect inmates from contracting and spreading COVID-19 (such as ensuring inmates can meaningfully distance from one another, placing infected inmates in quarantine, testing those exposed to the virus, providing proper medical care, and sanitizing common areas). Id. at 2, 4-7.

In her motion, Plaintiff does not provide facts showing she has risk factors that make her more susceptible to contracting COVID-19. Rather, she alleges she "faces irreparable harm and possibly death if infected by the virus," id. at 14, and she says there "are elderly and vulnerable inmates who have at least one of the CDC risk factors who still remain on the Camp," id. at 9. In

---

violated the plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 389, 397 (1971).

addition to referencing the CARES act,³ Plaintiff cites the compassionate release statute, 18 U.S.C. § 3582. Id. at 10. She asserts the Warden's "failure to transfer her to Home Confinement constitutes deliberate indifference." Id. at 15.

In an exhibit (Doc. 1-3; Pl. Ex. 2), Plaintiff explains she has moderate to severe chronic asthma. Plaintiff complains that the conditions at Coleman have made her asthma flare up since she arrived there in 2019. See Pl. Ex. 2 at 1-2. For instance, she says that when she arrived, there was black mold in the showers, the air ducts were filthy, and waste would come up through floor drains. Id. at 2. Plaintiff was diagnosed with Legionella in about January 2020. Id. at 3. In July, Plaintiff tested positive for COVID-19. Id. at 5. In December, Plaintiff received a stronger inhaler because she reported having more difficulty breathing and chest cramps. Id. at 7. As relief, Plaintiff seeks an order "to either release her from custody altogether or to put her at home on confinement." See Motion at 15.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163,

---

³ Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020).

1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel, 234 F.3d at 1176.

Plaintiff does not carry her burden. First, she fails to assert facts showing she will suffer irreparable injury if an injunction does not issue. Instead, Plaintiff complains about past alleged violations. In fact, Plaintiff says she contracted COVID-19 in July, and she only fears contracting it for a second time. Second, Plaintiff fails to show a likelihood of success on the merits of an underlying Bivens claim. A Bivens action is meant to have a deterrent effect on federal actors who violate an inmate's constitutional rights. As such, the proper defendant in a Bivens action is the individual officer who allegedly deprived a federal inmate of her constitutional rights, and the appropriate remedy is damages, not injunctive relief. See Carlson v. Green, 446 U.S. 14, 21 (1980) (recognizing Bivens extends damages remedies against individuals).

A prisoner may not maintain a <u>Bivens</u> action against the Bureau of Prisons (BOP), prison officials in their supervisory capacities, or individual corrections employees in their official capacities. <u>Solliday v. Fed. Officers</u>, 413 F. App'x 206, 209 (11th Cir. 2011). <u>See also</u> <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 485 (1994) (declining to expand the category of <u>Bivens</u> defendants to include federal agencies, in part because "the purpose of <u>Bivens</u> is to deter <u>the officer</u>" (emphasis in original)).

Plaintiff seeks to proceed against the Warden of Coleman Camp and the Director of the BOP simply because of the supervisory positions they hold. Such a theory of liability is not cognizable under <u>Bivens</u>. Additionally, Plaintiff seeks solely injunctive relief, not damages. Regardless, a district court may not dictate the location of an inmate's confinement. The BOP has exclusive jurisdiction to decide where to house prisoners, including whether to place them in home confinement. <u>See</u> 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.");[4] <u>United States v. Calderon</u>, 801 F. App'x 730, 731-32 (11th Cir. 2020) (holding a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act). <u>See also</u>

---

[4] The sentencing court can recommend that a prisoner be placed in a particular "type of penal or correctional facility," but the decision whether to place a prisoner in home confinement rests with the BOP. <u>See</u> 18 U.S.C. § 3621(b)(4)(B).

McKune v. Lile, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989) ("[I]nmates usually possess no constitutional right to be housed at one prison over another."). Finally, an inmate may not seek release from prison as a remedy in a civil rights action.

Because Plaintiff fails to demonstrate that injunctive relief is warranted, this action is due to be dismissed. If Plaintiff seeks to pursue a claim based on the alleged unconstitutional conditions of confinement at Coleman Camp, she may file a complaint using the provided civil rights complaint form. Plaintiff should know, however, that claims against federal actors under Bivens are not coextensive with those cognizable under § 1983. Indeed, since Bivens, the Supreme Court has extended Bivens remedies in only two other contexts: gender discrimination in the workplace and deliberate indifference to serious medical needs in prison. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1854-55 (2017) (citing Davis v. Passman, 442 U.S. 228 (1979); Carlson, 446 U.S. at 21).

For the foregoing reasons, this case will be dismissed without prejudice to Plaintiff's right to initiate a civil rights action to address any allegedly unconstitutional conditions of her confinement, if she elects to file one.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for a temporary restraining order and a preliminary injunction (Doc. 1) is **DENIED**.

2. This case is hereby **DISMISSED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

4. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to refile her claims, she should not place this case number on the form. The Clerk will assign a separate case number if Plaintiff elects to refile her claims.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of January 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Kathy S. Lopez